Terrence J. O'Neil

*v.*

Peter J. O'Neil *et al.*

*Filed at Ottawa January 19, 1888.*

1. Lost note—*whether the note was lost without being indorsed—a question for the court.* In an action upon a lost note, the question whether the note was lost without being indorsed, is one for the court alone to determine, and with which the jury has no concern.

2. Same—*secondary evidence, to prove contents of lost note.* Where the note sued on is shown to have been lost without having been indorsed by the payee, secondary evidence of its contents is admissible, and its contents may be shown by a chattel mortgage given to secure the same.

3. Same—*obligation upon lost note—non-production no ground to defeat a recovery.* Where a note is lost, the obligation of the makers is not

destroyed, but remains the same, and it may be enforced by an appropriate action. In such case it is not error to instruct the jury that the plaintiff, on proof of its contents, may recover without the production of the note.

4. SAME—*limitation in action upon lost note—on proof of the original indebtedness.* Where suit is brought on a lost note, the contents of which are proved, and evidence is admitted of the original indebtedness, some of the items of which accrued more than five years before suit, there will be no error in refusing leave to the defendants to file the plea of the five year limitation, as such plea could not avail.

5. Where suit is brought on a lost note, and evidence is admitted of its contents and also of its original consideration, an instruction, in substance, that actions on unwritten contracts must be brought within five years after the cause of action accrues, is properly refused, as not being applicable to the facts of the case, the action being on a written contract.

6. NEW TRIAL—*newly discovered evidence which is merely cumulative.* Where the newly discovered facts relied on for a new trial, so far as material, are merely cumulative, a new trial is properly refused.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. JOHN N. JAMESON, and Mr. A. B. BALDWIN, for the appellant:

The court erred in admitting evidence of the original consideration of the note. Either it was lost, or it was not. If not, no recovery could be had on the original indebtedness without producing the note, and surrendering it on the trial. *Holmes* v. *DeCamp,* 1 Johns. 34; 2 Daniell on Neg. Inst. sec. 1272.

Instruction No. 1, for the plaintiff, was erroneous, as all the evidence in relation to the note was rejected, and appellees had been limited to proof of the original indebtedness.

The court erred in denying leave to file a plea of the Statute of Limitations to the declaration. Its necessity did not arise until the ruling of the court excluding evidence of the note, and permitting appellees to prove the original indebtedness. *Bank* v. *Gifford,* 40 Barb. 659; *McQueen* v. *Babcock,* 3 Abb. App. 129; *Misch* v. *McAlpine,* 78 Ill. 508.

Appellant's third refused instruction, setting up the five year limitation, should have been given. *Morgan* v. *Bishop,* 61 Wis. 461.

Mr. M. J. DUNNE, for the appellees:

New trials will not be granted on newly discovered evidence merely cumulative, or not conclusive in its character. *Smith* v. *Schultz,* 1 Scam. 490; *Railway Co.* v. *Seitz,* 53 Ill. 452; *Laird* v. *Warren,* 92 id. 204; *Dyer* v. *People,* 84 id. 624; *Harvey* v. *Collins,* 89 id. 255.

It was a matter of discretion to allow a new plea in the middle of the trial. *Brown* v. *Burk,* 66 Ill. 419; *Fisher* v. *Green,* 95 id. 94.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court, affirming a judgment of the circuit court of Cook county. The action was assumpsit, brought by Clara J. O'Neil, against Patrick and Terrence J. O'Neil. The declaration contained only the common counts, to which defendant Terrence J. O'Neil pleaded the general issue. Before the case was reached for trial, Clara J. O'Neil died, and her executors, the appellees, were substituted as plaintiffs. After the executors were made parties, they obtained leave of court to amend the declaration, and filed two special counts,—one on a note for $1330.13, alleged to have been executed by the defendants on the 19th day of November, 1875, payable to the order of Clara J. O'Neil one year after date, with interest at the rate of ten per cent per annum. The other count was on a chattel mortgage executed by the defendants to Clara J. O'Neil, of same date of the note for $1330.13, due in one year from the date thereof, with interest at ten per cent per annum, upon certain chattels in the National Hotel at Joliet. The defendant Patrick O'Neil failed to plead to the declaration, and judgment was rendered against him by default; but Terrence J. O'Neil, the other de-

fendant, pleaded to the amended declaration the general issue, payment, that the supposed promises were made without consideration, that the promises were for the debt of another, and not in writing, and the ten years' statute of limitations. Replications were put in to the several pleas, upon which issue was formed. On the trial of the cause, the plaintiffs, not being able to produce in evidence the promissory note declared on in the declaration, made proof tending to establish the loss of the note, and offered secondary evidence of its contents. The court, however, refused to admit the evidence, but decided that the plaintiffs might prove the original indebtedness for which the note was given. The plaintiffs then introduced evidence of the original indebtedness for which the note was given, but before the evidence was concluded the defendant moved the court for leave to file a plea of the statute of limitations of five years, which the court denied, and the defendant excepted.

If the note set out in the special count of the declaration was lost, and had never been indorsed by the payee, as the evidence before the court seemed to establish, we see no reason why secondary evidence of the contents of the note was not admissible; but as no cross-errors have been assigned, the decision of the circuit court on that question is not properly before us on this record. Nor do we find it necessary to determine whether the decision of the court refusing leave to file a plea of the statute of limitations of five years was, under the circumstances, correct or erroneous. Some of the items of the original indebtedness for which the note was given may have accrued more than five years before the bringing of plaintiff's action, but the verdict and judgment did not rest on the proof of the original indebtedness. One count of the declaration, as said before, was predicated on a chattel mortgage executed by the defendants to Clara J. O'Neil, bearing date November 19, 1875. This document was read in evidence by the plaintiffs, without objection by the defendants, and it was evidence from which the jury might find, in connection

with the other evidence, that defendants were indebted to Clara J. O'Neil in the sum of $1330.13 on the 19th day of November, 1876, with interest at the rate of ten per cent from the 19th day of November, 1875. In addition to the mortgage, Patrick O'Neil, one of the defendants, testified that he and the other defendant executed the mortgage; that it was given for borrowed money; that at the time the papers were executed they were indebted to Clara J. O'Neil in the sum of $1330.40. The witness also testified that Clara J. O'Neil had received from the proceeds of the mortgaged property $580, and there was $40 paid afterwards, in April, 1877; that no other payments were made, to his recollection. Disregarding all evidence introduced by the plaintiff, in regard to the original consideration of the note, here was proof upon which the jury might find, in favor of the plaintiffs, the amount specified in the verdict; and the plea proposed to be filed in view of this evidence would have presented no defence to the action, and the decision of the court in denying leave to file the plea, in no manner injured the defendant, and he has no just ground of complaint.

It is next claimed that the court erred in giving plaintiffs' instruction No. 1 to the jury, as follows:

"The court instructs the jury, if they believe, from the evidence, that said defendants borrowed money from the said Clara J. O'Neil, in her lifetime, and that a note was executed by said defendants and given to her for such indebtedness, and further believe, from the evidence, that said Clara J. O'Neil died without having indorsed or transferred said note, and that said note is lost and can not be produced, and that said plaintiffs are the executors of said Clara J. O'Neil, and have never indorsed or transferred said note, and that the same has not been paid in full, then the fact that said note has not been produced on the trial will not defeat a recovery by the plaintiffs in this suit."

The objection to the instruction, that it was misleading, we do not regard as tenable. Whether the note had been lost

without being indorsed by the payee, was a question for the court to determine—one with which the jury had no concern; and when the court determines, from the proof offered on that point, that the instrument sued on was not indorsed, and had been lost, then the contents of the instrument might be proven before the jury, and upon such evidence the jury might find a verdict for the amount due upon the lost instrument, as its terms, amount and condition might be proven by secondary evidence. While it is true that the inference may be drawn, from the instruction, that certain matters were submitted to the jury which were for the court, yet the real object of the instruction, as is apparent from its reading, was to inform the jury that the plaintiffs might recover although the note had not been produced. That the instruction was correct on this point will not admit of reasonable controversy. Where a note is lost, the obligation of the parties is not destroyed, but remains the same, and that obligation may be enforced by an appropriate action. It is true that a copy of the note offered in evidence was ruled out, but there was ample other evidence before the jury, establishing the contents of the note, upon which a verdict might be predicated. Under such circumstances we do not think it was error for the court to direct the jury that the fact that the note was not produced would not defeat a recovery.

It is also claimed that the court erred in refusing his third instruction, which was, in substance, that actions on unwritten contracts should be commenced within five years after the cause of action accrued. In a proper case the instruction might have been given, but under the facts of this case it was liable to mislead. This action was on a written contract, and the five years' statute of limitations had no application to the facts as established by the evidence.

The second instruction given for the plaintiffs has been criticized, but we see no substantial objection to it.

It is also claimed that the defendant was entitled to a new trial on newly discovered evidence, and the court erred in denying the motion made for that purpose. Many of the facts set up in the affidavits we do not regard as material, but, so far as the facts relied upon seem to be competent, they are in the main cumulative, and upon this ground the decision of the circuit court may be sustained.

Other questions have been raised, but we do not regard them of sufficient merit to call for a discussion here.

After an examination of the whole record, we do not think the circuit court committed any substantial error against the rights of the defendant, and we see no ground for reversing the judgment of the Appellate Court.

The judgment will be affirmed.

*Judgment affirmed.*